IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WHITE AND WILLIAMS LLP et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHELLE T. SEIDNER, et al. | : | NO. 13-110 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                 May 20, 2014

      Neil Jokelson, Esquire, counsel for Defendant Michelle T. Seidner, has filed a motion to withdraw as counsel citing irreconcilable differences between counsel and client.  See Doc. 28.  The Honorable L. Felipe Restrepo to whom the case is assigned referred the matter to the undersigned for disposition.  See Doc. 29.  After holding hearing on the matter, I will grant Mr. Jokelson's motion to the extent he seeks to withdraw.

      Local Rule of Civil Procedure 5.1 states that "[a]n attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this court shall at the same time enter an appearance for the same party."  Although no counsel has entered an appearance on Ms. Seidner's behalf, she did appear at the hearing with counsel, and did not make clear her intentions regarding counsel.  When a substitute appearance has not been entered, whether to permit withdrawal must be determined with reference to the purpose underlying the local rule.  Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 679 (3d Cir. 1986).  Those considerations include (1) the reasons withdrawal is sought, (2) the prejudice withdrawal may cause to the litigants, (3) the harm withdrawal might cause to

the administration of justice, and (4) the degree to which withdrawal will delay resolution of the case.  E.I. Du Pont De Nemours and Co. v. New Press, Inc., No. 97-6267, 1999 WL 98593, at *1 (E.D. Pa. Feb. 25, 1999) (citing Mervan v. Darrell, No. 93-4552, 1994 WL 327626, at *2 (E.D. Pa. Jul. 8, 1994); Brown v. Hyster Co., No. 93-2942, 1994 WL 102008, at *1 (E.D. Pa. Mar. 25, 1994)).

At the hearing, both Mr. Jokelson and Ms. Seidner confirmed irreconcilable differences between counsel and client and described a breakdown resulting in an antagonistic relationship.  Ms. Seidner's only objection to counsel's withdrawal involves return of fees which is beyond the scope of the motion.  Weighing all of the factors to be considered, I conclude that counsel's withdrawal is appropriate under the circumstances.  Although counsel's withdrawal is late in the case proceedings, it was clear at the hearing that no meaningful communication could be exchanged between client and counsel.  Requiring counsel to remain in the case might have the dilatory effect the rule was meant to prevent.[1]

An appropriate Order follows.

---

[1] Counsel's withdrawal in no way affects the commitments and agreements entered into by the parties.